UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RAYMOND J. FLORES,      )    No. EDCV 08-1691 FFM
                       )
          Plaintiff,    )    MEMORANDUM DECISION AND
                       )    ORDER
     v.              )
                       )
MICHAEL J. ASTRUE,     )
Commissioner of Social Security,  )
                       )
         Defendant.   )
_____)

       Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his applications for a period of disability, disability benefits, and Supplemental Security Income benefits.  On January 6, 2009 and February 25, 2009, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Pursuant to the case management order entered on December 11, 2008, on September 1, 2009, the parties filed a Joint Stipulation (the "JS") detailing each party's arguments and authorities.  The Court has reviewed the administrative record (the "AR"), filed by defendant on July 15, 2009, and the JS.  For the reasons stated below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

/ / /

/ / /

**PROCEDURAL HISTORY**

On February 22, 2006, plaintiff filed applications for a period of disability, disability benefits, and Supplemental Security Income benefits.  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ").  ALJ F. Keith Varni held a hearing on February 4, 2008.  (AR 17 - 27.)  Plaintiff appeared with counsel and testified at the hearing.  (*See id.*)

The ALJ issued a decision denying benefits.  (AR 5 - 16.)  Plaintiff sought review of the decision before the Social Security Administration Appeals Council. The Appeals Council denied plaintiff's request for review on September 24, 2008. (AR 1 - 3.)

Plaintiff filed his complaint herein on December 4, 2008.

**CONTENTIONS**

Plaintiff raises four issues in this action:

1.      Whether the ALJ properly considered the State Agency findings regarding plaintiff's multiple moderate limitations;

2.      Whether the ALJ properly developed the record;

3.      Whether the ALJ properly considered the treating physician's opinion regarding plaintiff's cluster headaches; and

4.      Whether the ALJ should have obtained vocational expert testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).  However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

## DISCUSSION

1.   Whether the ALJ properly considered the State Agency findings regarding plaintiff's multiple moderate limitations

State Agency review psychiatrist, Dr. H.M. Skopec, completed an SSA form "Psychiatric Review Technique" ("PRT") on May 26, 2006 and an SSA form "Mental Residual Functional Capacity Assessment" ("MRFCA") on June 15, 2006.  In the PRT, Dr. Skopec found mild limitations in (1) restriction of activities of daily living; (2) difficulties in maintaining social functioning; and (3) difficulties in maintaining concentration, persistence, or pace.  (AR 190.)  Dr. Skopec also stated that he agreed with Dr. Smith's evaluation of "no to mild limitations."  (AR 192.)

In the MRFCA, Dr. Skopec found that plaintiff is moderately limited in (1) the ability to work in coordination with or proximity to others without being distracted by them; (2) the ability to interact appropriately with the general public; and (3) the ability to accept instructions and respond appropriately to criticism from supervisors.  (AR 194 - 95.)

/ / /

3

The ALJ found a residual functional capacity ("RFC") that included a mental limitation that plaintiff could perform only simple, repetitive tasks that do not involve public contact.  (AR 12.)  The ALJ also stated that the foregoing RFC "is supported by both the State Agency review psychiatrists and the psychiatric consultative examiner who concluded the claimant would not be precluded from performing simple nonpublic tasks."  (AR 14.)

Plaintiff asserts that the ALJ failed to explicitly address the moderate limitations noted by Dr. Skopec in the MRFCA.  Defendant responds that the RFC found by the ALJ incorporates those limitations.  However, the RFC does not appear to include any limitations with respect to co-workers or supervisors as found by Dr. Skopec; it only address public contact.  Because the ALJ did not state whether he was adopting or rejecting Dr. Skopec's findings, remand is required to allow the ALJ to address this issue.

2.    <u>Whether the ALJ properly developed the record</u>

Exhibit 12F is a two page check the box form that suggests that plaintiff is extremely limited in a number of mental abilities relating to work.  (AR 258 - 59.)  The form was submitted by plaintiff's counsel to the ALJ on January 17, 2008, prior to the hearing, with the notation that the record contains an illegible signature.

In his decision, the ALJ rejected the findings contained on this exhibit as follows:

The signature on the form at Exhibit 12F, assessing the claimant's ability to perform work-related activities (mental), is illegible and is given no weight.  It cannot be determined what type of relationship exists between the source and the claimant and there are no clinical notes submitted to support the assessment.

(AR 13.)

/ / /

/ / /

4

1    Plaintiff contends that the ALJ should have developed the record further to
2 rehabilitate the findings on the exhibit.  Defendant responds that the record was
3 neither ambiguous nor inadequate for the ALJ to make a decision.

4    The ALJ has an independent duty to fully and fairly develop the record and to
5 assure that the claimant's interests are considered, even when the claimant is
6 represented.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v.*
7 *Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443
8 (9th Cir. 1983)).  However, "[a]n ALJ's duty to develop the record further is triggered
9 only when there is ambiguous evidence or when the record is inadequate to allow for
10 proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th
11 Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).  The ALJ may discharge this duty in
12 several ways, including subpoenaing the claimant's physicians, submitting questions
13 to the claimant's physicians, continuing the hearing, or keeping the record open after
14 the hearing to allow supplementation of the record.  *Tonapetyan*, 242 F.3d at 1150.  In
15 addition, if the information the ALJ needs is not readily available from the treating
16 source, the ALJ may ask the claimant to attend a consultative examination.  20 C.F.R.
17 § 416.912(f).

18    Here, as found by the ALJ, the check box form was not supported by any
19 treatment notes or laboratory findings.  The checklist format of the exhibit constitutes
20 a specific, legitimate reason for rejecting it.  *Batson v. Commissioner, Soc. Sec.*
21 *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly discounted treating
22 physician's opinion where, *inter alia*, opinion was in form of checklist).  Given the
23 lack of support for the exhibit, and its proper rejection by the ALJ, the exhibit was
24 insufficient to create any ambiguity in the record.  Moreover, to the extent the ALJ
25 had any duty to develop the record, he complied with this duty by ordering a
26 consultative examination.  (*See* AR 171 - 79.)  The record was neither ambiguous nor
27 inadequate for the ALJ to make a determination.  Therefore, remand is not required in
28 connection with this issue.

3.   <u>Whether the ALJ properly considered the treating physician's opinion regarding plaintiff's cluster headaches</u>

Plaintiff contends the ALJ erred by failing to address certain medical records documenting that plaintiff suffers from cluster headaches.[1]  Defendant contends that the records do not demonstrate how severe the headaches are and that, in any event, such headaches are not documented for a continuous period of at least 12 months.

The Court notes that the record contains references to migraine headaches at least as early as December 5, 2003 ("spontaneous migraine headaches almost every day"; "patient has been taking . . . Fiorinal . . ."). (AR 147.)  Other references are dated September 29, 2005 ("Admission Diagnoses: . . . Cluster headaches . . . .") (AR 140); March 30, 2007 ("Headaches, uncertain type at this time.  Don't really sound like classic cluster headaches.") (AR 273); and June 6, 2007 ("Cluster HA") (AR 266).

The cluster headaches are not addressed by the ALJ or any of the consultative physicians.  Therefore, remand is required for this issue as well.

4.   <u>Whether the ALJ should have obtained vocational expert testimony</u>

The ALJ relied on the Medical-Vocational Guidelines contained in 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids") to find that plaintiff was not disabled. Plaintiff argues that because he has non-exertional limitations, the ALJ was required to obtain the testimony of a vocational expert.  Defendant contends that because the ALJ made a finding that plaintiff's non-exertional limitations "have little or no effect on the occupational base of unskilled work at all exertional levels," a vocational expert was not required.

---

[1]  Dorland's Illustrated Medical Dictionary, 30th edition, defines a cluster headache as: "a headache, possibly a type of migraine, characterized by attacks of unilateral excruciating pain over the eye and forehead, with temperature elevation, lacrimation, and rhinorrhea; attacks last from 15 minutes to about an hour and tend to occur in clusters, sometimes a few times a day for two to eight weeks followed by months or years without occurrence."

Claims of disability are evaluated under a five-step sequential procedure. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). If, at step four of the procedure, the claimant meets his burden of establishing an inability to perform past work, at step five, the Commissioner has the burden of showing that the claimant can engage in other substantial gainful work that exists in the national economy, taking into account his RFC, age, education, and work experience. There are two ways for the Commissioner to meet his burden at step five: (1) by reference to the Grids; or (2) through the testimony of a vocational expert as to other work in the economy that the claimant can perform. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999)).

The ALJ is required to seek the testimony of a vocational expert when a non-exertional limitation is "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitation." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (internal quotation marks omitted). "The severity of the limitations at step five that would require the use of a vocational expert must be greater than the severity of impairments determined at step two." *Id.* Thus, the mere fact that a non-exertional limitation exists, or that the impairment underlying the limitation is found to be severe at step two, is insufficient to require testimony from a vocational expert. *Id.*; *see also Desrosiers*, 846 F.2d at 577 ("[T]he fact that a nonexertional limitation is alleged does not automatically preclude application of the grids").

However, where the ALJ finds *no* exertional limitations, he cannot rely on the grids to find that the claimant is not disabled. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006); *see also Cox v. Astrue*, 2010 WL 3120593, *10 - 11 (C.D. Cal. 2010) (non-exertional limitations of simple routine work with limited social contact required vocational expert testimony); *Karno v. Astrue*, 2010 WL 114386, *3 (C.D. Cal. 2010) (same, with respect to non-exertional limitations of simple, routine, non-public tasks).

Here, because the ALJ found no exertional limitations, the testimony of a vocational expert was required.  Therefore, remand is required for this issue as well.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED: September 29, 2010          /S/ FREDERICK F. MUMM
                                    FREDERICK F. MUMM
                                    United States Magistrate Judge